**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RASHFORD E. GALLOWAY,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF F.C.I. FORT DIX,<br><br>Respondent. | Civil Action No.<br>09-3692<br><br>**O P I N I O N** |

**SIMANDLE**, District Judge:

This matter is before the Court upon a filing of an application made by Rashford E. Galloway ("Petitioner"), pursuant to 28 U.S.C. § 2241. For the reasons stated below, the Court will dismiss Petitioner's application and will also direct Petitioner to submit his filing fee or a proper in forma pauperis application.

I.   **BACKGROUND**

Petitioner is federal inmate presently confined at the F.C.I. Fort Dix, Fort Dix, New Jersey. Although the Petition is silent as to the circumstances of Petitioner's conviction and prior place of confinement, Petitioner's submissions made in Galloway v. Bureau of Prisons, 08-1924 (NLH) (D.N.J.) (filed on Apr. 28, 2008, and terminated on Oct. 22, 2008), as well as the Court's own research reveal that Petitioner is currently serving his 150 month federal sentence rendered in April 4, 2003, by Judge Richard L. Voorhees of the United States District Court for the Western District of North

Carolina, Charlotte Division.[1]  See Galloway v. United States, 04-0070 (RLV) (W.D.N.C.).

---

[1]  Judge Voorhees described the events associated with Petitioner's prosecution and Petitioner's appeals as follows:

> On May 7, 2002, Petitioner was indicted [on controlled substance offenses enumerated in the Federal Penal Code, and a federal detainer was issued against Petitioner. Pursuant to that detainer, Petitioner was transferred to Charlotte, North Carolina, for the purposes of his criminal proceedings at the District Court for the Western District of North Carolina ("WDNC")].  On November 4, 2002, Petitioner and the Government filed a plea agreement with [Judge Voorhees,] in which [Petitioner] pled guilty [to two of four controlled substance charges].  On November 8, 2002, Petitioner entered a guilty plea at his Rule 11 hearing.  On April 4, 2003, [Judge Voorhees] sentenced Petitioner to 150 months imprisonment.  On October 17, 2003, the United States Court of Appeals for the Fourth Circuit affirmed Petitioner's sentence and conviction.  On . . . December 8, 2003, the United States Supreme Court denied certiorari in Petitioner's case.  On February 20, 2004, Petitioner filed [his] Motion to Vacate, Set Aside, or Correct Sentence [i.e., a § 2255 motion, arguing] that the Government violated the terms of his plea agreement by not moving for a downward departure [which Judge Voorhees denied].

Galloway v. United States, 04-0070 (RLV) (W.D.N.C.), Docket Entry No. 2, at 1-2.

Judge Voorhees revisited Petitioner's case upon Petitioner's filing of his second § 2255 motion, in which Petitioner re-alleged, inter alia, that Petitioner's plea should be deemed withdrawn.  See Galloway v. United States, 05-0024 (RLV) (W.D.N.C.), Docket Entry No. 3.  Petitioner's application was denied by Judge Voorhees as second and successive.  See id.  On May 11, 2005, the United States Court of Appeals for the Fourth Circuit denied Petitioner's application to file a successive § 2255 motion.  See In re Galloway, No. 5-0243, Docket Entry No. 4 (4th Cir., filed on May 11, 2005).

In the instant matter, Petitioner requests a downward reduction of his sentence, asserting as follows:

> [Petitioner] moves this . . . Court to issue an order requiring the Federal Bureau of Prison [("BOP")}to award [P]etitioner a two for one time credit for everyday [sic.] served in the U.S. Marshal hold at the Northeast Ohio Correctional Center (["]NEOCC["]) [because] the conditions at the []NEOCC[[] borderline[d] . . . cruel and unusual punishment[,] and this has caused [P]etitioner to serve more onerous period of incarceration, than that which was contemplated by the sentencing [c]ourt. . . . [P]etitioner [expressly concedes that he] has not exhausted his administrative remedies. . . .

Docket Entry No. 1, at 1-2.[2]

## II. DISCUSSION

### A. <u>Instant Petition is a De Facto § 2255 Motion</u>

Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless -- . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).[3]

---

[2] None of Judge Voorhees' decisions suggests that Petitioner was ever confined at the NEOCC. Moreover, the Petition at hand is also silent as to the period of time when Petitioner was, allegedly, confined at the NEOCC. However, for the purposes of this Opinion and accompanying Order, the Court gives Petitioner's instant application the benefit of the doubt and presumes that Petitioner was, in fact, incarcerated at the NEOCC during his current sentence.

[3] "Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." <u>Coady v. Vaughn</u>, 251 F.3d 480, 485-486 (3d Cir. 2001). A

3

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[4]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

---

petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976) (challenging erroneous computation of release date); see also Vega v. United States, 493 F.3d 310, 313 (3d Cir. 2007) (challenge to BOP's failure to give credit for time served prior to federal sentencing is cognizable under § 2241); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991) (challenge to BOP's refusal to decide whether to designate state prison as a place of federal confinement); Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing); 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998).

[4] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

>
> impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

"Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[5] See 28 U.S.C. § 2255. Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

---

[5] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus." Swain v. Pressley, 430 U.S. 372, 381 (1977).

5

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." Cradle, 290 F.3d at 538. "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements."[6] Id. at 539.

---

[6] The United States Court of Appeals for the Third Circuit has recognized that, under certain very rare situations, a prisoner who cannot satisfy the gate-keeping requirements of § 2255 should be permitted to proceed under § 2241, which has neither a limitations period nor a proscription against filing successive petitions. See Dorsainvil, 119 F.3d at 251. The Dorsainvil exception, which addresses what makes a § 2255 motion "inadequate and ineffective," is satisfied only where petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Id. at 251. The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52. The application at bar

In light of the foregoing, it appears that the Petition would be more properly characterized as Petitioner's third § 2255 motion, since Petitioner seeks a modification of his sentence. If such construction is presumed, it is self-evident that this Court is without jurisdiction to address Petitioner's mislabeled § 2255 motion, since § 2255 was neither inadequate nor ineffective vehicle for Petitioner to seek downward reduction of his sentence when he made his first motion before Judge Voorhees and sought leave to file his second § 2255 motion from the Court of Appeals from the Fourth Circuit. In sum, construing the Petition as § 2255 motion, this Court is constrained to dismiss it for lack of jurisdiction.[7]

### B.     **Alternative Deficiencies of the Petition**

Moreover, even if this Court were to construe the Petition as either a Section 2241 application (i.e., as a challenge to the

---

makes no challenges that could be construed as based on Dorsainvil.

[7]  Moreover, whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, Petitioner already filed two § 2255 motions. A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing, see 28 U.S.C. § 2244, same as a delayed appeal may be filed with the applicable Court of Appeals only of that has authorized such filing. See Fed. R. App. P. 5. It does not appear in the interest of justice to transfer this Petition to the Court of Appeals for the Fourth Circuit, qualifying it as a request for leave to file yet another second/successive § 2255 motion, since the Fourth Circuit already denied Petitioner's previous application to that effect.

execution of Petitioner's federal sentence rather than as a challenge to the length of his sentence) or as an application made pursuant to 18 U.S.C. § 3582(c),[8] i.e., the provision that governs the modification of an imposed prison term, the Petition must be dismissed as an unexhausted § 2241 application or, in the latter scenario, for lack of jurisdiction.

### 1. As A § 2241 Petition, the Application Is Unexhausted

While the exhaustion requirement is not jurisdictional but that of prudence of comity, the requirement is diligently enforced by the federal courts. See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760-62 (3d Cir. 1996) (noting that "a procedural default in the administrative process bars judicial review because the reasons for requiring that prisoners challenging disciplinary actions exhaust their administrative remedies are analogous to the reasons for requiring that they exhaust their judicial remedies before challenging their convictions; thus, the effect of a failure to exhaust in either context should be similar"); see also Callwood

---

[8] The Court has no obligation to guess Petitioner's jurisdictional bases in a habeas application. A habeas application must meet the heightened pleading requirements set forth in the governing Habeas Rules. See McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Habeas corpus petitions must meet *heightened* pleading requirements") (emphasis supplied). Indeed, a petition must "specify all the grounds for relief" and set forth "facts supporting each of the grounds thus specified." See 28 U.S.C. § 2254, Rule 2(c) (amended Dec. 1, 2004, and applicable to § 2241 petitions through Habeas Rule 1(b)).

v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("we have consistently applied an exhaustion requirement to claims brought under § 2241"). In order for a federal prisoner to exhaust his administrative remedies, he must comply with 28 C.F.R. § 542. See 28 C.F.R. § 542.10; see also Lindsay v. Williamson, 2007 U.S. Dist. LEXIS 54310 (M.D. Pa. July 26, 2007). Specifically, he first must informally present his complaint to staff. See 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, the inmate shall raise his complaint with the warden of the institution where he is confined. See id. at § 542.14(a). If dissatisfied with the warden's official response, he may then appeal the warden's decision to the Regional Office of the BOP. See id. at §§ 542.15(a) and 542.18. Moreover, no administrative appeal is considered duly exhausted until the decision to the Regional Office is appealed and a decision is reached on the merits by the BOP's Central Office. See Sharpe v. Costello, 289 Fed. App'x 475 (3d Cir. 2008).

Here, Petitioner concedes that he did not attempt any administrative exhaustion. He asserts that exhaustion would be "futile" because Respondent is "unable to afford [P]etitioner the relief he seeks." Docket Entry No. 1, at 3. Petitioner errs. Petitioner's self-serving conclusion that the administrative process would be futile cannot qualify his Petition for excuse from the exhaustion requirement and -- as the discussion provided right below illustrated -- Respondent is indeed capable of facilitating

9

Petitioner's request in the event Respondent finds such remedy appropriate.[9] Thus, if construed as a Section 2241 application, the Petition must be dismissed for failure to exhaust Petitioner's administrative remedies.

### 2. As a § 3582 Application, the Petition Is Deficient

A district court has the authority to modify a valid sentence only if such authority is conferred by federal statute. See United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001); United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); United States v. Caterino, 29 F.3d 1390, 1394 (9th Cir. 1994); Morales v. United States, 353 F. Supp.2d 204, 205 (D. Mass. 2005); accord United States v. Higgs, 504 F.3d 456, 464 (3d Cir. 2007) (a district court's jurisdiction to reconsider sentencing may only stem from a statute or rule of criminal procedure).

---

[9] The Court notes, without deciding, that other federal statutes may authorize the BOP to consider Petitioner's request. BOP has the responsibility to consider applications to exercise any discretionary power authorized by Congress. Cf. Barden v. Keohane, 921 F.2d 476, 1990 U.S. App. LEXIS 21501 (3d Cir. Pa. 1990) (noting BOP failure to fully recognize its discretionary power to designate place of confinement under 18 U.S.C. § 3621(b)). Allowing a federal agency to consider such requests, and the proper scope of its own discretion, in the first instance furthers the prudence and comity considerations underlying the exhaustion requirement associated with § 2241. See Moscato 98 F.3d at 760-62 (exhaustion allows agency to apply its expertise, conserves judicial resources, and permits self-correction of administrative errors fostering autonomy).

Specifically, Section 3582 states, in pertinent part, that a district court may not modify a sentence once it has been imposed except that --

   (1)  in any case --

      (A)  the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that --

           (i)  extraordinary and compelling reasons warrant such a reduction; or

           (ii)  the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

      (B)  the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

   (2)  in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. §

> 994(o), upon motion of the defendant or the
> Director of the Bureau of Prisons, or its own
> motion, the court may reduce the term of
> imprisonment, after considering the factors set
> forth in section 3553(a) to the extent that they
> are applicable, if such a reduction is consistent
> with applicable policy statements issued by the
> Sentencing Commission.

18 U.S.C. § 3582(c).

Here, Petitioner's request for a modification of his sentence might only seek to invoke the exception of "extraordinary and compelling reasons" set forth in § 3582(c)(1)(A)(i).[10] However, it is well settled law that a district court can not grant a prisoner's request for modification of his sentence under this section unless the Director of the BOP files a motion seeking such reduction of sentence. See United States v. Thomas, 570 F. Supp. 2d 202, 203 (D.P.R. 2007); United States v. Hudson, 44 Fed. App'x 457, 458 (10th Cir. 2002); United States v. Tyler, 417 F. Supp. 2d 80 (D. Me. 2006); Morales v. United States, 353 F. Supp. 2d 204 (D. Mass. 2005); Porges v. Zickefoose, 2008 U.S. Dist. LEXIS 81691 (D. Conn. Oct. 15, 2008).

In the case at bar, there has been no motion on Petitioner's behalf filed by the Director of the BOP – and, indeed, it would be surprising if one had been filed, since Petitioner expressly states that he has not exhausted his claims administratively or otherwise

---

[10] Petitioner has not asserted any facts that would have this matter fall within any of the other exceptions listed under § 3582(c).

12

brought his claims regarding the NEOCC to the attention of BOP officials. It follows that this Court has no authority to grant Petitioner's request for a sentence reduction under this statute.

Furthermore, even if Petitioner were successful in having the Director of the BOP move for a modification of his sentence pursuant to § 3582(c)(1)(A)(i), this Court would still be without jurisdiction to grant Petitioner relief, since the jurisdiction to entertain such an application rest exclusively with the district court that imposed Petitioner's sentence, i.e., with the United States District Court for the Western District of North Carolina, Charlotte Division. See Braswell v. Gallegos, 82 Fed. App'x 633, 635 & n.2 (10th Cir. 2003) (district in which federal inmate was imprisoned had no jurisdiction to modify sentence imposed by another district, and the application for modification of the sentence should have been filed in the district which imposed the sentence); Porges, 2008 U.S. Dist. LEXIS 81691, 2008 WL 4596640 at *2.

Hence, even if the Court construes the Petition as a Section 3582 application, it must be dismissed for lack of jurisdiction.

### III. FILING FEE AND APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The "revised [Habeas] Rule 3(b) requires the [C]lerk to file a petition, even though it may otherwise fail to comply with [Habeas] Rule 2. The [R]ule . . . is not limited to those instances where the petition is defective only in form; the [C]lerk

[is] also required . . . to file the petition even though it lack[s] the required filing fee or an in forma pauperis form." 28 U.S.C. § 2254, Rule 3, Advisory Committee Notes, 2004 Am.

However, Section 1914, the filing fee statute, provides in relevant part that "the clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court . . . to pay a filing fee of $350 except that on application for a writ of habeas corpus the filing fee shall be $5." 28 U.S.C. § 1914(a). The accompanying provision, Section 1915, governs applications filed in forma pauperis and provides, in relevant part, that leave to proceed in forma pauperis may be granted in any suit to a litigant "who submits an affidavit that includes a statement of all assets such [litigant] possesses [if such affidavit demonstrates] that the [litigant] is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1); see also Smith v. Bennett, 365 U.S. 708, 712, 81 S. Ct. 895, 6 L. Ed. 2d 39 (1961) ("[W]hile [$5] is . . . an 'extremely nominal' sum, if one does not have it and is unable to get it[,] the fee might as well be [$500]"); Clay v. New York Nat'l Bank, 2001 U.S. Dist. LEXIS 3209, at *1 (S.D.N.Y. Mar. 21, 2001). Therefore, regardless of the outcome of this matter, Petitioner is obligated to submit his filing fee of $5 or his certified affidavit of poverty qualifying him for in forma pauperis status. Cf. Kemp v. Harvey, 2006 U.S. Dist. LEXIS 8939, at 18 n.6 (D.N.J. Mar. 3, 2006)

(observing that "it would be indeed anomalous to allow persons [stating no cognizable claim] to usurp judicial resources and bring claims without payments while obligating every litigant [stating a cognizable claim] to pay the fee").

Since, in the case at bar, Petitioner neither submitted his filing fee of $5 nor filed his in forma pauperis application qualifying him to proceed in this matter without payment of his filing fee, Petitioner shall pay his filing fee or submit his proper in forma pauperis application.

## IV.  CONCLUSION

For the reasons set forth above, the Petition will be dismissed. Petitioner will be directed to submit his filing fee or his sufficient in forma pauperis application.

An appropriate Order accompanies this Opinion.


                                    s/ Jerome B. Simandle
                                       JEROME B. SIMANDLE
                                    United States District Judge


Dated: **August 12, 2009**